UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| NANCY OLVEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-CV-384 |
| ) | (JORDAN/GUYTON) |
| WAL-MART STORES, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the Order [Doc. 17] of the Honorable Leon Jordan, United States District Judge, for a report and recommendation regarding disposition by the District Court of Defendant's Motion to Dismiss [Doc. 13] and Plaintiff's Motion for Voluntary Dismissal of Lawsuit [Doc. 15], both filed on February 18, 2010. Plaintiff did not file a response to Defendant's Motion to Dismiss. On February 22, 2010, Defendant filed a response [Doc. 16] to Plaintiff's Motion for Voluntary Dismissal.

The Court addresses Plaintiff's Motion first. Plaintiff seeks an order dismissing this case pursuant to Federal Rule of Civil Procedure 41(a). [Doc. 15]. Defendant does not oppose dismissal of the case, but it "submits that the timing of Plaintiff's motion and her handling of this case as a whole warrants imposing conditions on her request for voluntary dismissal." [Doc. 16 at 2]. Defendant requests that the Court "either dismiss Plaintiff's action with prejudice or condition Plaintiff's voluntary dismissal on the payment of Defendant's attorney's fees and costs." [Doc. 16 at 2].

1

Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the Plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "District Courts have broad discretion to attach conditions to voluntary dismissals under Rule 41(a)(2)." Duffy v. Ford Motor Co., 218 F.3d 623, 633 (6th Cir. 2000). A voluntary dismissal may be conditioned on the plaintiff being prejudiced to re-file his action. Imposition of this condition is appropriate when "the defendant would suffer plain legal prejudice as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." Grover v. Eli Lilly and Co., 33 F.3d 716, 718 (6th Cir. 1994). "In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." Id. (citing Kovalic v. DEC Int'l, Inc., 855 F.2d 471, 474 (7th Cir. 1988)).

A voluntary dismissal may also be conditioned on plaintiff's payment of defendant's attorney fees and costs. Smoot v. Fox, 353 F.2d 830, 833 (6th Cir. 1965) ("The cases permit allowance of attorney's fees against the dismissing party where the action is dismissed without prejudice."); Duffy, 218 F.3d at 632 (stating that it was reasonable for a District Court to condition voluntary dismissal upon the payment by plaintiff of defendant's costs).

In this case, the Court finds that the factors laid out in Grover do not indicate that the Defendant will suffer plain legal prejudice if the Plaintiff is permitted to voluntarily dismiss her claim without prejudice. The Court also finds that conditioning Plaintiff's voluntary dismissal on her payment of Defendant's attorney fees and costs is not warranted. The Court concludes that no

conditions should be placed upon Plaintiff's voluntary dismissal of this action.

Accordingly, it is **RECOMMENDED**[1] that the Plaintiff's Motion for Voluntary Dismissal **[Doc. 15]** be **GRANTED**, this case be **DISMISSED** without prejudice, and the Defendant's Motion to Dismiss **[Doc. 13]** be **DENIED as moot**.

Respectfully Submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).